UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WALTER LEE CLIMMONS, JR.**                          **CIVIL ACTION**

**VERSUS**                                           **NO. 14-2052-NJB-SS**

**TURNER INDUSTRIES GROUP, LLC**

## ORDER

PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Rec. doc. 18)

**DENIED**

On September 8, 2014, Walter Lee Climmons, Jr. ("Climmons") filed a complaint in proper person against: (1) Turner Industries Group, LLC ("Turner Industries"); (2) the Office of Workers Compensation in Covington, Louisiana; (3) Elizabeth A Warren, an Office of Workers Compensation Judge for the Southern Division of Louisiana; (4) the Taylor, Wellons, Politz & Duhe law firm; and (5) F. Dominic Amato. Rec. doc. 1. Climmons was granted leave to proceed in forma pauperis. Rec. doc. 3. He amended his complaint to add C.F. Industries Plants ("CF Industries") as a defendant. Rec. doc.

Climmons alleges that: (1) his workers' compensation benefits were wrongfully terminated; (2) Dr. Michael Fisher testified that he saw him getting out of an SUV limping but getting back into the SUV laughing; (3) the administrative judge, Elizabeth Warren, decided in favor of Turners Industries; (4) since then he has not received workers' compensation benefits; and (5) there was discrimination and prejudice. He seeks $2 million. Rec. doc. 1. In the amended complaint, Climmons alleges that: (1) on August 28-29, 2007, he worked for Turner Industries at a CF Industries refinery; (2) while building a hanging scaffold, he was injured; and (3) CF Industries is liable to him.

On November 24, 2014, Turner Industries moved to dismiss for lack of jurisdiction. Rec. doc. 17. On December 1, 2014, Climmons filed a motion for appointment of counsel. He states that he lacks knowledge of the law. Climmons did not file an opposition to the motion to dismiss.

A litigant has no right to counsel in a civil case. U.S. v. 16,540 in U.S. Currency, 273 F.3d 1094 (5th Cir. 2001) (citing Salmon v. Corpus Christi Independent School District, 911 F.2d 1165 (5th Cir. 1990)). Several factors are considered in determining whether exceptional circumstances are present and whether appointed counsel would facilitate the administration of justice: 1) the suit's complexity; 2) the ability of the indigent litigant to present the case; 3) the litigant's ability to investigate the case; and 4) the skill required to litigate the case before the court. Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982). The court has discretion to appoint counsel if doing so would advance the proper administration of justice. Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). The term "exceptional circumstances" generally relates to the type and complexity of the case and the ability of the plaintiff to present his claim. Robbins v. Maggio, 750 F.2d 405, 412 (5th Cir. 1985).

The Court's consideration of the Ulmer factors numerated above demonstrates that appointment of counsel for Climmons would not advance the proper administration of justice. The claim is not complex. Exceptional circumstances are not present.

IT IS ORDERED that Climmons' motion for appointment of counsel (Rec. doc. 18) is DENIED.

New Orleans, Louisiana, this 8th day of December, 2014.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**