## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WALTER LEE CLIMMONS, JR.**                    **CIVIL ACTION**

**VERSUS**                                       **CASE NO. 14-2052**

**TURNER INDUSTRIES GROUP, L.L.C.**             **SECTION: "G"(1)**

### ORDER

Before the Court are the following motions: (1) Turner Industries Group, L.L.C.'s ("Turner Industries") "Motion to Dismiss for Lack of Jurisdiction;"[1] (2) CF Industries Inc.'s ("CF Industries") "Motion to Dismiss for Lack of Jurisdiction;"[2] and (3) Taylor, Wellons, Politz & Duhe, Aplc's ("Taylor Wellons") "Motion to Dismiss for Lack of Jurisdiction."[3] Having considered the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant each motion.

### I. Background

On September 8, 2014, Plaintiff Walter Lee Climmons, Jr. ("Climmons"), proceeding *pro se*, filed an ambiguous complaint that appears to allege wrongful termination of workers' compensation benefits.[4] The original complaint, in its entirety, states as follows:

> Law Sue. [sic] Wrongful determination of benefits and discrimination and prejudice. Honorable Judge Elizabeth sided with Turner Industries when witness Doctor Michael Fischer said: He saw me (Walter Climmons) getting out of a SUV limping and getting back the [sic] SUV laughing. From that point onward I no longer received any benefits from Turner Industries and Worker's Compensation. I am here

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 23.

[3] Rec. Doc. 26.

[4] Rec. Doc. 1 at p. 3.

by [sic] suing Turner Industries Group, Worker's Compensation, and Plant facility of CF, in the amount of $2,000,000. Etc [sic].

On October 20, 2014, Climmons filed an amended complaint which states, in its entirety, that:

> During the month and year of August 28-29 2007[,] I, Walter Climmons [was] working in the Plant Refinery of CF under the subcontract of Turner Industries. While building a hanging scaffold in CF Industries pipe wrack [sic] I was injured. I, Walter Climmons feel strongly that CF Industry should also be helded [sic] accountable.[5]

On November 24, 2014, Turner Industries filed a motion to dismiss, wherein it seeks dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[6] Climmons filed a memorandum in opposition on December 15, 2014.[7] On January 19, 2015, CF Industries filed a motion to dismiss for lack of jurisdiction, wherein it seeks dismissal for improper venue and for failure to state a claim due to prescription.[8] On February 18, 2015, Taylor Wellons filed its motion to dismiss for lack of jurisdiction, wherein it incorporates by reference the entire memorandum submitted by Turner Industries.[9]

## II.  Turner Industries' Motion to Dismiss

### A.    *Parties' Arguments*

Turner Industries argues that dismissal is appropriate pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.[10] First, Turner Industries contends that this Court lacks federal question

---

[5] Rec. Doc. 8.

[6] Rec. Doc. 17.

[7] Rec. Doc. 20.

[8] Rec. Doc. 23.

[9] Rec. Doc. 26; Rec. Doc. 26-1.

[10] Rec. Doc. 17-1 at p. 2.

jurisdiction pursuant to 28 U.S.C. § 1331 because the complaint fails to allege a claim "arising under the Constitution, laws or treaties of the United States."[11]  Next, Turner Industries argues that this Court lacks subject matter jurisdiction because 28 U.S.C. § 1445 prohibits removal of a workers compensation case from state court to a federal district court, and "[c]ertainly, if a claim based on a state's worker's compensation laws is not properly removable to federal court, that same claim should not have original jurisdiction in federal court."[12] Finally, Turner Industries contends that this Court does not have diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the parties are not completely diverse. Turner Industries contends that it is an L.L.C. with at least one member who is a citizen of Louisiana, and that Climmons is a citizen of Louisiana.[13]

In response, Climmons states as follows:

> I, Walter Climmons[,] hereby motion to your honor not to have case #14-2052 dismiss [sic]. I feel that Turner Industries Group have miss used [sic]  their position wealth and power against me Walter Lee Climmons. They are responsible for my on the job injury. Because I am poor and uneducated Turner Industries have taking [sic] advantage of my misfortuntion [sic] and lied against me and I have no money or experience nor education to fight them in court. Now I know the system don't believe in Christ there's no justice for the poor.[14]

## B.    *Law and Analysis*

A motion to dismiss filed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court "before any other challenge because the court must find jurisdiction before determining the validity of a claim."[15]  Since federal courts are considered courts of limited

---

[11] *Id.* at p. 3.

[12] *Id.* at pp. 3–4.

[13] *Id.* at p. 4.

[14] Rec. Doc. 20.

[15] *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted).

jurisdiction, absent jurisdiction conferred by statute, federal courts lack the power to adjudicate claims.[16] Therefore, the party seeking to invoke the jurisdiction of a federal court carries the burden of proving its existence.[17]

### 1.    Diversity Jurisdiction

Under 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. "It has long been the general rule that complete diversity of parties is required in order that diversity jurisdiction obtain; that is, no party on one side may be a citizen of the same State as any party on the other side."[18]  Diverse citizenship must be present at the time the complaint is filed, and it is not affected by "subsequent changes in the citizenship of the parties."[19] For purposes of diversity jurisdiction,  the citizenship of an L.L.C. "is determined by the citizenship of all of its members."[20] Turner Industries alleges that at least one of its members is a citizen of Louisiana, and that it is accordingly a citizen of Louisiana.[21] Turner Industries also alleges that Climmons is a citizen of Louisiana.[22]  Climmons does not dispute these allegations. Accordingly, the Court finds that there is not complete diversity between the parties, and accordingly the Court does not have original

---

[16] *See, e.g., Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).

[17] *Stockman*, 138 F.3d at 151; *Cross Timbers Concerned Citizens v. Saginaw*, 991 F.Supp. 563, 566 (N.D. Tex. 1997).

[18] *Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974).

[19] *Id*. at 1398-99.

[20] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).

[21] Rec. Doc. 17-1 at p. 4.

[22] *Id.*

4

jurisdiction over this matter pursuant to  28 U.S.C. § 1332(a).

### 2.        Federal Question Jurisdiction

Congress has provided the federal courts with original jurisdiction over "all civil actions arising under the Constitution, laws, and treaties of the United States."[23]  Generally, the existence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[24]  If the plaintiff's well-pleaded complaint does not show that federal law creates the plaintiff's right of action, federal question jurisdiction may nonetheless exist if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[25]

Turner Industries argues that this Court lacks jurisdiction over Climmons' workers compensation claim, which was filed in this Court as an original action, pursuant to 28 U.S.C. § 1445(c), which provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Turner Industries contends that  "[c]ertainly, if a claim based on a state's worker's compensation laws is not properly removable to federal court, that same claim should not have original jurisdiction in federal court."[26] Turner Industries cites no authority in support of this argument.

The pending case was not removed from state court. Instead, it was filed in this federal

---

[23] 28 U.S.C. § 1331.

[24] *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)); *Terrebonne Homecare Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001) ("[t]he well-pleaded complaint rule governs whether a defendant can remove a case based on the existence of a federal question").

[25] *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

[26] Rec. Doc. 17-1 at p. 4.

district court as an original action.[27] In *St. Paul Ins. Co. v. Trejo*, the plaintiff filed a lawsuit involving a request for a declaration of rights under a workers' compensation agreement in federal district court. The district court determined that the lawsuit was "arising under" the Texas workers' compensation laws, and accordingly concluded that retaining jurisdiction of the case would thwart the congressional purpose behind section 1445(c). On appeal, the Fifth Circuit determined that a federal district court <u>with diversity jurisdiction</u> is not prohibited from hearing a worker's compensation case which was originally filed in federal court.[28] The Fifth Circuit held that the district court erred in dismissing the lawsuit on the basis of section 1445(c) because "even though [plaintiff's] declaratory judgment action involved a state worker's compensation law, jurisdiction was still proper based on diversity of citizenship."[29] Here, as stated above, this Court lacks diversity jurisdiction in this case because it appears that both Climmons and Turner Industries are Louisiana citizens. Accordingly, under *Trejo*, this Court does not have jurisdiction to hear Climmons' workers' compensation claim. Accordingly, that claim must be dismissed.

Climmons' original complaint also appears to allege "discrimination and prejudice."[30] However, neither the original or amended complaint, nor his memorandum in response to Turner Industries' motion to dismiss, provide any explanation or discussion of the "discrimination and prejudice" which Climmons alleges. The Supreme Court has instructed that the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal

---

[27] See Rec. Doc. 1.

[28] *Id.* at 588 (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 350–54 (1961)).

[29] *Id.* (citing *Home Indemnity Company v. Moore*, 499 F.2d 1202, 1204 (8th Cir. 1974) (noting that section 1445(c) "cannot be extended to cases beyond the scope of the plain wording of the statute")).

[30] *See* Rec. Doc. 17-2 at p. 3

theory supporting the claim asserted."[31] Here, however, Climmons has not submitted an "imperfect statement" of the legal theories upon which he relies; rather, he has not proffered any legal theory at all, or any facts from which the Court could extrapolate one.  Accordingly, based on the information before it, the Court cannot find a basis for federal question jurisdiction in this case. Accordingly, Turner Industries' motion is **GRANTED** and Climmons' claims against Turner Industries are dismissed with prejudice.

### III. CF Industries' Motion to Dismiss

CF Industries moves to dismiss the complaint for lack of subject matter jurisdiction, improper venue, and failure to state a claim.[32] First, CF Industries adopts by reference Turner Industries' argument that dismissal is proper pursuant to Rule 12(b)(1) because neither federal question nor diversity jurisdiction exist in this case.[33] Next, CF Industries argues that venue is improper in the Eastern District of Louisiana because CF Industries is not subject to personal jurisdiction here, and because Climmons alleges that he sustained an injury while working in the CF Industries' plant in Donaldsonville, Louisiana, which is located in the Middle District of Louisiana.[34] Finally, CF Industries contends that the complaint must be dismissed pursuant to Rule 12(b)(6) because Climmons' claim against it has prescribed.[35] According to CF Industries, Climmons alleges that he sustained injuries on August 28 or 29, 2007, and that this claim is a delictual action subject

---

[31] *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346 (2014).

[32] Rec. Doc. 23.

[33] Rec. Doc. 23-1 at p. 3. CF Industries also adopts by reference Turner's arguments regarding the Court's subject matter jurisdiction over this action. *See id.* at p. 2.

[34] *Id.* at pp. 4–5.

[35] *Id.* at p. 5.

to a liberative prescription of one year under Louisiana law.[36] CF Industries avers that Climmons filed his original complaint in this matter on September 8, 2014, more than seven years after the date of his alleged injury, and that accordingly his claim has prescribed.[37] Climmons has not filed an opposition to the motion to dismiss.

It is unclear from the record whether the injury that Climmons alleges was a physical injury sustained while he was employed at Turner Industries, or an injury that he continues to sustain due to his alleged failure to receive worker's compensation. Neither the original nor the amended complaints specify the type of injury alleged, and Climmons has not filed briefing, in opposition to CF Industries' motion or otherwise, that clarifies the nature of his alleged injury. Therefore, based on the information before it, the Court cannot determine whether Climmons' alleged injury  is actually a delictual action subject to a one year prescriptive period, as CF Industries claims.

Regardless of the nature of Climmons' alleged injuries, however, the Court has already found that it does not have subject matter jurisdiction over this case because the parties are not completely diverse and there is no basis for federal question jurisdiction. Accordingly, for the reasons stated above with respect to Turner Industries' motion, CF Industries' motion to dismiss is **GRANTED** and Climmons' claims against CF Industries are dismissed with prejudice.

### IV. Taylor Wellons' Motion to Dismiss

Taylor Wellons' motion to dismiss for lack of jurisdiction  incorporates by reference the entire memorandum submitted by Turner Industries.[38]  The motion, which was set for hearing on March 18, 2015, is unopposed.  This Court has authority to grant a motion as unopposed, although

---

[36] *Id.* at p. 6.

[37] *Id.*

[38] Rec. Doc. 26; Rec. Doc. 26-1.

it is not required to do so.[39] Accordingly, for the reasons stated above, the motion is **GRANTED** and Climmons' claims against Taylor Wellons are dismissed with prejudice.

**V. Conclusion**

Accordingly,

    **IT IS HEREBY ORDERED** that  Turner Industries Group, L.L.C.'s  "Motion to Dismiss for Lack of Jurisdiction"[40] is **GRANTED** and Climmons' claims against Turner Industries are dismissed with prejudice.

    **IT IS FURTHER ORDERED** that CF Industries Inc.'s  "Motion to Dismiss for Lack of Jurisdiction"[41]  is **GRANTED** and Climmons' claims against CF Industries are dismissed with prejudice.

    **IT IS FURTHER ORDERED** that Taylor, Wellons, Politz & Duhe, APLC's  "Motion to Dismiss for Lack of Jurisdiction"[42] is **GRANTED** and Climmons' claims against Taylor Wellons are dismissed with prejudice.

    **NEW ORLEANS, LOUISIANA**, this  30th   day of April, 2015.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[39] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[40] Rec. Doc. 17.

[41] Rec. Doc. 23.

[42] Rec. Doc. 26.